See further, on compelling disclosure, Post *v.* Schneider, 59 Hun, 619 ; Walton *v.* Fairchild, 24 N. Y. St. Rep. 314 ; Ninety-Nine Plaintiffs *v.* Vanderbilt, Abb. 193 ; Hollins *v.* St. Louis & C. R. Co., 25 Abb. N. C. 93 ; Carpenter *v.* Allen, 45 Supr. 322. See note in 26 Abb. N. C. 118.

---

PATRICK H. BOWES, Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Municipal corporation. Salaries.*—The board of estimate of the city of Brooklyn may revise its initiative action relative to the salaries of patrolmen, until its final action on the entire budget.

Appeal from a judgment of the Kings special term dismissing the complaint.

*Roger A. Pryor*, for appellant.

*Almet F. Jenks*, for respondent.

PRATT, J.—The board of estimate of the city of Brooklyn is unlike the ordinary branches of administrative, legislative or executive service in a municipality. Its duty is to allow and fix the amounts to be expended in the discharge of the multitude of duties devolved upon municipal officers in relation to state or local affairs. It is obvious that the primary action of such a body on any particular subject is necessarily tentative and contingent. While considered by itself, it might be willing to make a liberal appropriation for any given object, the relation of that object to other subjects of expenditure and to the supreme question of the aggregate to be raised by tax during the pending year, might lead to much greater moderation and economy. In fixing in detail and in aggregate the sums to be expended over so large a field, the judgment of the members of the board, as to any particular object, as expressed in the first instance, should not be held so absolute as to govern and subvert their later conclusions upon other objects and upon the sum total of the annual tax. That the action of the board of estimate was intended to be thus subject to revision, may be further seen from the fact, that, as a general rule, its determinations are, in all respects, open to review by the legislative body of the city government.

It is true that, in the matter brought up by the appellant, the legislature has vested the power of fixing the salaries in question in the board of estimate alone. But it is easy to see how the members of the board, having fixed the salaries in the first instance at a liberal figure, should, after passing upon all the other expenditures to be made, and being brought to the determination of the larger question of the aggregate of the budget, have felt constrained to revise their initiative action, and reduce the amount to a consistency with greater general economy. And we think the legislature must be deemed to have reposed the power in question in the board of estimate, in full view of its general character as described, and with the intent that it should

be exercised in the mode, and subject to the revisionary dis-
cretion inherent in that board, until its final action on the
entire budget.

For these reasons, the authorities and arguments presented
by the learned counsel for the appellant, we think are inap-
plicable, and the judgment must be affirmed.

All concur.